*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

RODNEY LAMONT REED,

        Defendant-Appellant.

UNPUBLISHED
December 21, 2023

No. 364497
St. Clair Circuit Court
LC No. 22-001396-FH

Before: GLEICHER, C.J., and GARRETT and MALDONADO, JJ.

PER CURIAM.

Defendant, Rodney Lamont Reed, was convicted by a jury of several weapons-related offenses after an inventory search of his impounded vehicle uncovered a loaded firearm. On appeal, Reed argues for the first time that the firearm should have been suppressed because this search violated the Fourth Amendment. Because police officers complied with their departmental policy on impoundment and inventory searches, Reed has not established plain error in the admission of the firearm at trial. We affirm.

## I. BACKGROUND

On the evening of June 12, 2022, Reed was operating a vehicle that was parked and blocking a driveway in front of a residence. Officers from the Port Huron Police Department (PHPD) responded to a complaint about this vehicle. When the first officer arrived, Reed was sitting in the driver's seat and appeared to have just woken up; a passenger was seated next to him. After requesting identification, the officer discovered that Reed had a suspended license and the passenger had an open arrest warrant. Reed was issued a citation for driving with a suspended license, but he was not arrested. Because there was not a licensed driver to move the vehicle blocking the driveway, the officer decided to have it impounded. The officer offered to call Reed a cab, but Reed declined and walked away from the scene. Departmental policy required that officers conduct an inventory search when impounding a vehicle. During the search of Reed's vehicle, officers discovered a loaded firearm.

A jury convicted Reed of carrying a concealed weapon, MCL 750.227; possession of a firearm by a felon, MCL 750.224f; possession of ammunition by a felon, MCL 750.224f(3); and

-1-

two counts of possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b. The trial court sentenced him as a fourth-habitual offender, MCL 769.12, to concurrent terms of 18 to 240 months in prison for the first three counts, and two consecutive years in prison for the felony-firearm counts. Reed now appeals as of right.

## II. ANALYSIS

Reed argues that the loaded firearm seized by police officers should be suppressed because it resulted from an unconstitutional inventory search. Because Reed never moved to suppress this evidence below, the issue is unpreserved for appellate review. See *People v Grant*, 445 Mich 535, 546; 520 NW2d 123 (1994). Unpreserved constitutional issues are reviewed for plain error affecting substantial rights. *People v Carines*, 460 Mich 750, 764; 597 NW2d 130 (1999). "To avoid forfeiture under the plain error rule, three requirements must be met: 1) error must have occurred, 2) the error was plain, i.e., clear or obvious, 3) and the plain error affected substantial rights." *Id*. at 763. Even if a defendant satisfies these three requirements, "[r]eversal is warranted only when the plain, forfeited error resulted in the conviction of an actually innocent defendant or when an error seriously affected the fairness, integrity or public reputation of judicial proceedings independent of the defendant's innocence." *Id*. (cleaned up).

Reed contends that the inventory search conducted by PHPD officers violated his right against unreasonable searches and seizures under the Fourth Amendment. Reed does not challenge the validity of the initial stop, nor does he object to the scope of the inventory search.

The Fourth Amendment of the United States Constitution protects against "unreasonable searches and seizures." US Const, Am IV. Constitutionally-valid searches generally require the "issuance of a warrant supported by probable cause . . . ." *People v Toohey*, 438 Mich 265, 270; 475 NW2d 16 (1991). Warrantless searches "are per se unreasonable under the Fourth Amendment—subject only to a few specifically established and well-delineated exceptions." *Katz v United States*, 389 US 347, 357; 88 S Ct 507; 19 L Ed 2d 576 (1967) (citations omitted). Inventory searches are a "well-defined exception to the warrant requirement." *Illinois v Lafayette*, 462 US 640, 643; 103 S Ct 2605; 77 L Ed 2d 65 (1983). And these searches satisfy three public policy concerns: "(1) protection of the owner's property while in police custody, (2) protection of police against claims of lost or stolen property, and (3) protection of the police from potential physical danger." *Toohey*, 438 Mich at 284; see also *Colorado v Bertine*, 479 US 367, 372; 107 S Ct 738; 93 L Ed 2d 739 (1987). "To be constitutional, an inventory search *must* be conducted in accordance with established departmental procedures, which all police officers are required to follow, and *must not* be used as a pretext for criminal investigation." *Toohey*, 438 Mich at 284. "[T]o establish that an inventory search is reasonable, the prosecution must establish that an inventory-search policy existed, all police officers were required to follow the policy, the officers actually complied with the policy, and the search was not conducted in bad faith." *People v Swenor*, 336 Mich App 550, 568; 971 NW2d 33 (2021).

In *Toohey*, 438 Mich at 268-269, the defendant was arrested for operating while intoxicated, and the police impounded his vehicle and discovered a small bag of cocaine during an inventory search. The defendant was convicted at trial, and the issue before our Supreme Court was whether the cocaine should be suppressed as the fruits of an unconstitutional inventory search. *Id*. at 267, 269. The Court upheld the validity of the search. *Id*. at 267.

The Court first explained that the relevant impoundment policy, which gave the police discretion to impound a vehicle that was left unattended after the operator was arrested, was a reasonable policy provision. *Id*. at 286. Although the discretion afforded to police officers could not be unfettered, the policy at issue did not create a constitutional infirmity because it "limited opportunities" for the use of discretion. *Id*. at 287. Importantly, *Toohey* held that "no separate justification for impounding an automobile is needed if the officers acted in accordance with a standard impoundment policy of the police department and without an improper alternate motive for the impoundment." *Id*. at 288. The Court also rejected the defendant's argument that "the police should have permitted the defendant's wife to take custody of the automobile after the defendant was placed under arrest." *Id*. at 290. While contacting his wife "may have been a less intrusive alternative," that did not render the impoundment unconstitutional. *Id*. Finally, because "there was no showing that the impoundment of defendant's automobile was a pretext for a criminal investigation," but rather was a proper exercise of the police officer's "caretaking function," the impoundment and inventory search were permissible. *Id*. at 291.

In this case, the PHPD written policy for vehicle impoundments[1] provides:

### IV. VEHICLE IMPOUND/MVC 257.252d

A. A vehicle may be impounded for any of the reasons listed in Section 257.252d of the Michigan Motor Vehicle Code . . . . Section 257.252d of the MVC allows impoundment of vehicles from public or private property in the following circumstances:

\* \* \*

7. If the vehicle is hampering the use of private property by the owner or person in charge of that property or is parked in a manner which impedes the movement of another vehicle.

\* \* \*

### VII. VEHICLE INVENTORY / ADDITIONAL PROCEDURES

A. . . . If a vehicle is impounded, a complete inventory of the vehicle will be conducted by an officer. If locked containers are found, the officer will request a key or combination to open the container(s) in order to accessed and that may contain items of value may be entered into the PHPD property system for safekeeping due to the contents not being able to be verified during the inventory.

---

[1] Because this issue was not raised below by Reed, the prosecution had no reason to introduce the policy into the lower court record. On appeal, the prosecution moved to expand the record to include the policy, and we granted the motion. *People v Reed*, unpublished order of the Court of Appeals, entered August 11, 2023 (Docket No. 364497).

Officers may photograph items of value to further document the completed inventory, missing vehicle parts, vehicle damage, etc.

Under *Toohey*, the impoundment and inventory search of Reed's vehicle was constitutional. The PHPD policy provides that officers have the discretion to impound a vehicle "[i]f the vehicle is hampering the use of private property by the owner or person in charge of that property or is parked in a manner which impedes the movement of another vehicle." Trial testimony and photographic exhibits established that the vehicle was blocking another person's driveway and that Reed could not legally operate the vehicle because he had a suspended driver's license. The PHPD policy gave police officers reasonable discretion to impound a vehicle under these circumstances, and no evidence suggests that impoundment was improper. See *Toohey*, 438 Mich at 279 ("[C]ourts need not second-guess a police officer's exercise of professional judgment regarding impoundment of an automobile when the judgment was exercised in accordance with otherwise reasonable police department regulations."). Having impounded the vehicle in accordance with the PHPD policy, the officers were then required by that policy to conduct an inventory search. In particular, the PHPD policy provides that "[i]f a vehicle is impounded, a complete inventory of the vehicle will be conducted by an officer." The officers completed "a complete inventory of the vehicle" which resulted in the seizure of a loaded firearm. The prosecution has therefore established that "an inventory-search policy existed, all police officers were required to follow the policy, [and] the officers actually complied with the policy." *Swenor*, 336 Mich App at 568.

While Reed contends that the officers impounded his vehicle and conducted the inventory search because they knew that he and his passenger had a criminal history, i.e., that the impoundment and inventory search were pretextual, Reed does not point to specific facts to support this claim. See *Toohey*, 438 Mich at 291. Nor is it clear that Reed's criminal history was known to police officers at the time of the inventory search. The only record evidence is that officers impounded the vehicle because it would have been left unattended blocking the driveway of a residence. Having impounded the vehicle, the officers were required by the PHPD policy to conduct an inventory search. Besides his belief that officers searched the vehicle because they knew about his criminal history, Reed has identified no record evidence to suggest that the officers' actions were pretextual or in bad faith. At least under the plain-error standard, we cannot conclude that the officers clearly or obviously conducted a pretextual inventory search.

Finally, Reed posits that officers should have moved the vehicle themselves to clear the driveway or contacted his wife to move the vehicle. But *Toohey* explains that "the police are not required to pursue less intrusive alternatives when their decisions are in accordance with standardized procedures regarding impoundment." *Toohey*, 438 Mich at 280. Put another way, "[t]he police should be allowed to determine the feasibility of making alternate arrangements for the safekeeping of the automobile." *Id*. at 290. Officers therefore had no duty to explore alternative, less intrusive means to remove the vehicle from blocking the driveway.

Reed has not established that the trial court plainly erred by admitting the loaded firearm that was seized during the inventory search. We affirm.

/s/ Elizabeth L. Gleicher
/s/ Kristina Robinson Garrett
/s/ Allie Greenleaf Maldonado